**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1282-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN MILLER, a/k/a
IBN MILLER,

    Defendant-Appellant.

_____

Submitted January 27, 2025 – Decided February 6, 2025

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-04-1284.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Kevin Miller appeals from the trial court's November 1, 2023 order and written opinion denying his petition for post-conviction relief ("PCR") without an evidentiary hearing following his 2018 conviction of felony murder, two simultaneous robberies, and two handgun offenses. We affirm substantially for the reasons stated in the PCR judge's written opinion.

Defendant's conviction followed a robbery and shooting that occurred on June 20, 2015, when Shakime Peppers and his cousin, Radee Foye, were sitting on a stoop in Newark. Two males armed with guns approached them, leading to a robbery and shooting that resulted in Peppers' death. Foye identified defendant as one of the assailants.

Defendant was indicted for second-degree conspiracy to commit robbery, first-degree robbery of Shakime Peppers; first-degree felony murder of Shakime Peppers; first-degree robbery of Radee Foye; unlawful possession of a weapon; and possession of a weapon for an unlawful purpose. A pretrial Miranda[1] hearing resulted in a trial court ruling that the majority of defendant's statements to police were admissible. After a ten-day jury trial, defendant was found guilty on all counts. He was sentenced to thirty years of imprisonment

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1282-23

on the felony-murder conviction subject to parole ineligibility under the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2; a consecutive fifteen years of imprisonment on the two robbery convictions subject to NERA; and a concurrent eight years of imprisonment for unlawful possession of a weapon with a fifty percent period to be served without parole. The remaining convictions were merged.

Defendant appealed both his conviction and his sentence. On direct appeal, we affirmed the convictions and sentence but remanded for the sole purpose of modifying the judgment of conviction to reflect a concurrent sentence on the unlawful possession of a handgun count. See State v. Kevin Miller, No. A-2356-18 (App. Div. July 19, 2021). The Supreme Court denied certification. State v. Kevin Miller, 248 N.J. 544 (2021). Upon remand, the trial court reduced defendant's custodial term to forty-five years.

Representing himself, defendant filed an initial PCR petition in January 2022, and argued generally that both his trial and appellate counsel provided ineffective assistance to him. Defendant's subsequently assigned counsel added additional points to the petition and sought an evidentiary hearing.

The PCR judge heard oral argument on the petition on September 29, 2023. During it, he considered defendant's specific allegation that his trial

counsel did not prepare defendant to testify. The trial court rejected that argument in a written opinion, and also concluded that there was no need for an evidentiary hearing because defendant had not made a prima facie showing that trial counsel's assistance was ineffective. This appeal followed.

Through counsel, defendant argues:

POINT I

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFECTIVENESS IN ABRIDGING DEFENDANT'S CONSTITUTIONAL RIGHT TO TESTIFY BY NOT PREPARING HIM TO DO SO.

Defendant also advances these points in a supplemental brief and appendix:

SUPPLEMENTAL POINT I

DEFENDANT'S FUNDAMENTAL RIGHT TO HAVE THE JURY FAIRLY EVALUATE THE EVIDENCE WAS SEVERELY [PREJUDICED] BY COMMENTS MADE IN THE PROSECUTOR'S SUMMATION [BECAUSE] THE COMMENTS HAD THE CAPACITY TO PRODUCE AN UNJUST RESULT. THEREFORE A NEW TRIAL IS WARRANTED.

A.  THE PROSECUTOR IMPROPERLY AND REPEATEDLY TOLD THE JURY THAT THE DEFENDANT AND TWO WITNESSES WERE

"LIARS" AND ALSO ASSURED THE JURY THAT THE POLICE WITNESS WAS "HONEST AND TRUTHFUL" THE PROSECUTION VOUCHING FOR THE CREDIBILITY OF THE OFFICER WAS [REVERSIBLE] ERROR AND A NEW TRIAL IS WARRANTED.

SUPPLEMENTAL POINT II

THE TRIAL COURT DENIED THE DEFENDANT HIS RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY AND HIS DUE PROCESS RIGHT TO A FAIR TRIAL BECAUSE THE JUDGE FAILED TO GIVE A CURATIVE INSTRUCTION SUA SPONTE FOLLOWING THE COMMENTS MADE BY THE PROSECUTION DURING SUMMATIONS.

SUPPLEMENTAL POINT III

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL AND DIRECT APPEAL. FOR COUNSEL'S DEFICIENT PERFORMANCE AND PREJUDICE THEREFROM, DEFENDANT IS ENTITLED TO A NEW TRIAL.

SUPPLEMENTAL POINT IV

ENFORCEMENT OF PROCEDURAL BARS 3:22-4 AND 3:22-5 TO POINT I, POINT II, AND POINT III TO DEFENDANT'S CLAIMS HEREIN WOULD CONSTITUTE A FUNDAMENTAL INJUSTICE. [APPELLANT'S] CLAIMS SHOULD BE HEARD ON THE MERITS IN THE INTEREST OF JUSTICE AND FAIRNESS.

Defendant asserts the trial court should have granted an evidentiary hearing to permit him to present evidence of counsel's failure to prepare him for trial and to prepare him to make an informed decision as to whether to testify, as asserted in his certification. The State argues the trial court previously considered and denied these assertions, which fail to establish a prima facie case of ineffective assistance of counsel.

The PCR judge, after giving considerable attention to defendant's comprehensive submission, specifically concluded that "[p]etitioner understood many of the rights of which he now claims to have been deprived, and that trial counsel was conscientious in her efforts to keep [defendant] abreast of his own trial." The PCR judge found this record evidence "highly compelling." We agree.

The Sixth Amendment of the United States Constitution guarantees an accused person of effective assistance of trial counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a violation of that right, a convicted defendant must show that: (1) counsel's performance was deficient, and (2) that deficient performance prejudiced the accused person's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). There is a strong presumption that defense

counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

A defendant may seek to show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance of counsel claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). However, a PCR court should only permit a hearing if: (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel; (2) there are material issues of disputed fact that must be resolved with evidence outside the record; and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; R. 3:22-10(b); see State v. Porter, 216 N.J. 343, 354 (2013).

The PCR judge correctly concluded in his written opinion that defendant had not provided any evidence that "trial counsel's [performance] was outside the range of competence demanded of attorneys in criminal cases." Defendant's claim rested only on bald assertions that he was not prepared by his trial counsel to testify and to assert an alibi defense, as well as any issues regarding the importance of his mental health and IQ on his culpability, or lack of it. "[B]ald assertions" of deficient performance are simply insufficient to support a PCR application. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also R. 3:22-10(b); Porter, 216 N.J. at 355 (reaffirming

A-1282-23

these principles in evaluating which of a defendant's various PCR claims warranted an evidentiary hearing).

Furthermore, defendant's assertions are contradicted by the record. At trial, defendant was questioned at length by both his counsel and the judge about his pre-trial preparation with his attorney, including a review of discovery and his counsel's "case strategy" after the Miranda motion had failed. As case law instructs, trial counsel's strategic choices, even if they fail, are generally inadequate to establish constitutional ineffectiveness. State v. Marshall, 123 N.J. 1, 165 (1991); State v. Sheika, 337 N.J. Super. 228, 243 (App. Div. 2001).

The record demonstrates defendant was specifically queried about his right to testify by both counsel and the court, and voluntarily elected not to testify. Consequently, defendant has failed to satisfy his burden under Strickland to show trial counsel's performance was deficient or that he suffered prejudice. Because defendant did not demonstrate a prima facie showing of ineffective assistance of counsel, the PCR judge properly denied defendant an evidentiary hearing.

To the extent we have not addressed them here, the rest of defendant's arguments have already been decided on direct appeal or are without sufficient merit to warrant a written discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1282-23